**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STEVE GEORGE BILIDAS | ) | Case No. 26-11518-KHK |
| ______________________________ | ) | |

# THE UNITED STATES' MOTION TO ANNUL AND MODIFY THE AUTOMATIC STAY TO PERMIT THE UNITED STATES' DISTRICT COURT ACTION TO MOVE FORWARD AND NOTICE OF HEARING THEREON

**NOTICE: Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fourteen (14) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address:**

**Clerk of Court,**
**U.S. Bankruptcy Court Eastern District of Virginia**
**200 S. Washington St.**
**Alexandria, VA 22314**

**and serve a copy on the movant's attorney at the address shown below:**

**Joshua D. Zimberg**
**Trial Attorney**
**Tax Litigation Branch**
**Civil Division, Department of Justice**
**P.O. Box 227**
**Washington, D.C. 20044**
**Joshua.D.Zimberg@usdoj.gov**

**And to:**

**H. Jason Gold**
**H. Jason Gold,**
**Trustee**
**P.O. Box 57359**
**Washington, DC 20037**

**Unless a written response is filed and served within this fourteen-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.**

**If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the fourteen-day period and attend the hearing scheduled to be held on: October 29, 2026, at 11:00 a.m. in Courtroom III of the United States Bankruptcy Court, 200 South Washington Street, Alexandria, Virginia 22314.**

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without holding a hearing.**

//

//

//

**UNITED STATES' MOTION TO ANNUL AND MODIFY THE AUTOMATIC STAY TO <u>PERMIT THE UNITED STATES' DISTRICT COURT ACTION TO MOVE FORWARD</u>**

The United States respectfully moves this Court to annul the automatic stay and modify it on a going-forward basis to allow the United States to proceed with its civil action against debtor Steven Bilidas ("Debtor" or "Bilidas") in the U.S. District Court for the Eastern District of Virginia, Case No. 1:26-cv-01935-PTG-WEF (the "District Court Action"). That suit seeks to reduce to judgment unpaid federal income taxes and penalties and unpaid trust fund recovery penalties ("TFRP") owed to the Internal Revenue Service ("IRS"), and to obtain injunctive relief to ensure future compliance. The District Court Action was filed one week after the Debtor filed the present bankruptcy case.

Annulment will validate the District Court filing *nunc pro tunc*, and modification of the stay will allow the case to proceed in the forum best positioned to resolve overlapping issues involving multiple non-debtor defendants, thereby promoting judicial economy and avoiding the risk of inconsistent adjudications.

**FACTS**

1. The IRS made federal income tax assessments against Bilidas totaling $188,281.42 as of March 23, 2026.
2. The IRS made assessments against Bilidas under 26 U.S.C. § 6672 (commonly known as Trust Fund Recovery Penalty, or TFRP, assessments) totaling $4,859,383.23 as of March 23, 2026. The TFRP assessments were imposed for various periods from June 30, 2012 through September 30, 2022 (the "TFRP Penalties"), based on Bilidas's status as a "responsible officer" of Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, Laconia LLC, AMPGRP LLC, and Rollin Road Restaurant Inc. (collectively, the "Companies at Issue"). The TFRP Penalties represent

employment taxes withheld from employees' wages but not paid over to the United States. The United States contends that, under 26 U.S.C. § 6672, Bilidas was a responsible officer of the Companies at Issue during the relevant periods and is personally liable for the unpaid employment and unemployment taxes.

3. In addition to assessing Bilidas, the IRS also assessed George Cholakis with TFRP penalties related to the Companies at Issue.
4. On July 1, 2026, the United States filed suit against Steven Bilidas in the United States District Court for the Eastern District of Virginia, No. 1:26-cv-01935-PTG-WEF. The District Court Action seeks to collect Bilidas's outstanding federal income tax assessments and TFRP liabilities and requests injunctive relief under 26 U.S.C. § 7402(a) to secure compliance regarding ongoing failures to pay federal employment and unemployment taxes.
5. The District Court Action also names George Cholakis, seeking to collect his outstanding TFRP penalties and federal income tax assessments and requesting injunctive relief.
6. The District Court Action seeks injunctive relief as to Maria Cholakis, Fayito LLC, Amphora Bakery Inc., and Diner DX Inc.
7. The District Court Action seeks unpaid federal employment and unemployment taxes from Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, and Laconia LLC, identifying Bilidas as a responsible officer.
8. On September 2, 2026, undersigned counsel first learned that the Debtor filed this bankruptcy case on June 24, 2026, one week before the District Court Action.
9. On September 9, 2026, the United States filed a suggestion of bankruptcy in the District Court Action.

10. The United States intends to file a proof of claim in this case for the unpaid federal income tax assessments and TFRP penalties owed by the Debtor.

**LEGAL STANDARD**

The automatic stay generally prohibits the commencement or continuation of judicial actions against a debtor. 11 U.S.C. § 362(a)(1). But the Bankruptcy Code authorizes this Court to "grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay" for "cause." 11 U.S.C. § 362(d)(1). Annulling the stay is retroactive relief. *See In re Dyer*, No. 18-62156, 2019 WL 1012247, at 2 (Bankr. W.D. Va. Mar. 1, 2019) (granting retroactive relief and annulling the automatic stay). Relief "rehabilitating actions that otherwise violate the stay" is within the Court's discretion under § 362(d). *See In re Wiencko*, 99 F. App'x 466, 469 (4th Cir. 2004).

Courts consider whether the party acted without knowledge of the bankruptcy when evaluating cause for retroactive annulment. *See Dyer*, 2019 WL 1012247, at *2* (allowing a suit to move forward when "the party taking such action was unaware of the existence of the bankruptcy case and thus of the automatic stay.") Courts also weigh "whether modifying the stay will promote judicial economy." *See Wiencko*, 99 F. App'x at 469 (quoting *In re Robbins*, 964 F.2d 342, 346 (4th Cir. 1992)).

While 11 U.S.C. § 505(a) permits the bankruptcy court to determine the amount or legality of any tax, the exercise of that authority is discretionary, not mandatory. *See In re Queen*, 148 B.R. 256, 259 (Bankr. S.D.W. Va. 1992) (considering "prejudice to the debtor and potential prejudice to the taxing authority" when deciding whether to exercise its § 505 authority).

## ARGUMENT

**A. Cause Exists to Annul the Stay *Nunc Pro Tunc***

The District Court Action was filed one week after the Debtor filed for bankruptcy, and the United States did not know of the bankruptcy until September 2, 2026. Upon learning of the case, the United States promptly filed a suggestion of bankruptcy and brings this motion. These facts justify retroactive annulment to validate the already-filed complaint. *See Dyer*, 2019 WL 1012247, at 2 (considering a lack of prior knowledge); *Wiencko*, 99 F. App'x at 469 (considering judicial economy); *Queen*, 148 B.R. at 259 (considering "prejudice to the taxing authority").

**B. Modifying the Stay Will Promote Judicial Economy and Avoid Inconsistent Judgments Prejudicial to the IRS**

This case presents a risk of "whipsaw" and inconsistent outcomes if the Debtor's liability is adjudicated in bankruptcy while a co-responsible individual (Cholakis) and multiple non-debtors litigate overlapping issues in District Court. I.R.M. 8.6.4.3.1 (stating that a "whipsaw situation develops when a related party achieves a judicial determination inconsistent with a result already determined by the Service for another related party.") The IRS could be forced to litigate the same underlying facts twice, risking conflicting determinations across forums. *See In re Hunt*, 95 B.R. 442, 447 (Bankr. N.D. Tex. 1989) (modifying the bankruptcy stay, noting that "the potential whipsaw effect to the government and the problem of inconsistent assessment weighs in favor of deferring to the Tax Court"); *O'Cheskey v. United States*, No. 3-00-CV-0142-P, 2001 WL 1658144, at *10 (N.D. Tex. Dec. 21, 2001) (quoting concerns over "the whipsaw effect ...").

For example, the Bankruptcy Court could find Bilidas not liable because Cholakis was the responsible officer according to Bilidas, while the District Court could later find Cholakis not liable because Bilidas was the sole responsible officer according to Cholakis, yielding the legally

untenable result that no one is responsible for the employment taxes of the Companies at Issue. Consolidating these issues in the District Court Action, where all parties are already named, reduces the risk of that outcome and advances judicial economy. *See Robbins*, 964 F.2d at 346 (considering judicial economy when considering whether to modify the stay).

**C. § 505(a) Discretion Supports Abstention in Favor of the District Court Action**

Although § 505(a) authorizes this Court to determine tax liabilities, courts often abstain when parallel proceedings and multiple parties are better handled outside bankruptcy, particularly where non-debtors are directly implicated and the government risks "whipsaw." *Queen*, 148 B.R. at 259. Abstention here avoids duplicated discovery, motion practice, and trial, and aligns with the interests of all parties.

**D. Limited Prejudice to the Debtor; Statute-of-Limitations Considerations**

Any delay in plan confirmation associated with adjudicating tax liabilities will occur regardless of forum, given the need for discovery and trial. Proceeding in District Court does not materially prejudice the Debtor and may reduce overall delay by resolving all parties' liabilities in one case. In addition, if the IRS's claims were adjudicated solely in bankruptcy, certain claims could face statute-of-limitations issues; allowing the District Court Action to continue mitigates that risk.

## REQUESTED RELIEF

The United States respectfully requests that the Court:

1. Annul the automatic stay *nunc pro tunc* to July 1, 2026, validating the filing and service of the United States' District Court Action in the Eastern District of Virginia as to the Debtor; and

2. Modify the stay prospectively to permit the United States District Court Action against the Debtor to move forward, including claims for injunctive relief and adjudication of tax liabilities, through judgment.

## CONCLUSION

For the reasons above, the United States requests that the Court annul the automatic stay and modify it prospectively to allow the District Court Action against the Debtor to proceed.

//

//

Dated: September 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

By: */s/ Joshua D. Zimberg*
JOSHUA D. ZIMBERG
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-598-3739 (phone)
202-514-6866 (fax)
Joshua.D.Zimberg@usdoj.gov
*Counsel for Plaintiff*

TODD BLANCHE
ATTORNEY GENERAL

THEOPHANI K. STAMOS

First Assistant United States Attorney

By: */s/ Gerard Mene*
GERARD MENE
Assistant U.S. Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3777
Fax: (703) 299-3898
Gerard.Mene@usdoj.gov

//

**NOTICE YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN 14 DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS 14-DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE 14-DAY PERIOD.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Motion and Notice was sent this the 25th day of September, 2026 via First Class Mail or via ECF to all those requesting service via ECF, as well as authorized users at:

Steve George Bilidas (Via First Class Mail)
Chapter 13 Debtor
1151 Elden St.
Herndon, VA 20170
*Pro Se Debtor*

Via CM/ECF:

H. Jason Gold
H. Jason Gold, Trustee
P.O. Box 57359
Washington, DC 20037
804-223-2031 goldtrustee@fiduciaryservicesgroup.com

*/s/ Joshua D. Zimberg*
JOSHUA D. ZIMBERG
Tax Litigation Branch
Civil Division, Department of Justice